IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRELL AVERY | * | |
| Petitioner | * | |
| v | * | Civil Action No. SAG-21-1728 |
| WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * *** | |

## MEMORANDUM OPINION

Respondents filed a limited response to the above-entitled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 stating that the petition is successive, and that petitioner has not received the required authorization to file such a petition. ECF 4.[1] No hearing is required to address the pending matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set-forth below, the petition shall be dismissed without prejudice.

By his July 12, 2021 petition Avery challenges his 2009 first-degree murder conviction from the Circuit Court for Baltimore County for which he received life imprisonment. ECF 1 at 1. Avery filed a petition for writ of habeas corpus challenging the same conviction on June 5, 2020. *See Avery v. Warden*, Civil Action RDB-20-1499 (D. Md. 2020). That petition was dismissed as untimely by Memorandum Opinion and Order dated December 11, 2020. *Id.* at ECF

---

[1] Petitioner Darrell Avery, who proceeds pro se, filed two pieces of correspondence following the limited response. ECF 5; ECF 6. Neither letter addresses the content of the limited response; rather, Avery chose instead to threaten this court's clerk for reasons that are not stated. He is forewarned that vulgar and threatening language as exhibited in the correspondence filed in this case will not be tolerated by this court and appropriate sanctions will be considered should he repeat this behavior.

26, ECF 27. Avery did not file an appeal with the Fourth Circuit Court of Appeals challenging this court's dismissal of his petition.

Under 28 U.S.C. § 2244, Avery may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). The pending Petition is successive; and this Court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Avery has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization order. The procedural requirements and deadlines are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Avery wish to seek authorization to file a successive petition. It is to be emphasized that Avery must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims. Avery is, however, forewarned that by imparting this information regarding an authorization order there is no implication that any subsequent petition he files would not also be found time-barred.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling.'"  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  The denial of a Certificate of Appealability does not preclude Avery from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.  Because Avery has not made a substantial showing of the denial of his constitutional rights, this court will not issue a Certificate of Appealability.

A separate order follows.


November 8, 2021                              /s/
Date                                                    Stephanie A. Gallagher
                                                         United States District Judge

3